**IN THE COURT OF APPEALS OF IOWA**

No. 17-1621
Filed December 19, 2018

**MICHAEL LAMONT BLACK,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

A petitioner appeals the dismissal of his application for postconviction relief.

**AFFIRMED.**

Thomas Hurd of Glazebrook & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Michael Lamont Black appeals the district court's denial of his application for postconviction relief (PCR). He claims his trial counsel's erroneous advice compelled him to plead guilty.

"[W]e review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "In addition, we give weight to the lower court's findings concerning witness credibility." *Id.* "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). The defendant must prove both prongs by a preponderance of the evidence. *Id.* at 196; *see also State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003) ("A defendant's inability to prove either element is fatal.").

On January 26, 2012, Black pled guilty to sexual abuse in the third degree. The district court immediately sentenced him—consistent with a plea agreement—to a term of incarceration not to exceed ten years, to run concurrently with the sentence for an unrelated theft conviction. On November 18, 2014, he filed this application for PCR. On July 19, 2017, the district court denied his application. He filed a motion for reconsideration, which the court denied on October 9. He now appeals.

In a deposition for the PCR, Black testified his plea counsel, Heidi Van Winkle, misinformed him about the nature of his plea agreement prior to the plea hearing. According to his testimony, Van Winkle told him concurrent sentences meant he would receive parole for the sexual abuse charge if he earned parole for the theft charge. He also testified she told him he would be allowed to complete

any required sex offender treatment program (SOTP) while on parole. Van Winkle did not specifically remember this conversation with Black, but she testified she never promises clients how long they will actually spend in prison because the department of corrections ultimately controls whether and when they receive parole. She also testified she does not give clients much information about SOTP, and she specifically denied telling Black he could complete SOTP while on parole.

Black argues Van Winkle, "an attorney inexperienced in criminal defense[,] took on a complex sexually-based felony and provided her client with incorrect legal advice upon which he relied to make the life altering decision to plead guilty." While Van Winkle acknowledged Black's case was the first felony-level sexual abuse case she had worked, she testified about her significant background in criminal law and she denied giving Black erroneous information. The district court found her credible, and, on our de novo review of the record, we affirm that finding.

The transcript of the plea hearing where the court engaged Black in a colloquy also supports finding he was not misinformed about the details of his sentence. The plea court specifically asked Black if he had questions about the plea bargain and explained concurrent sentences run "at the same time." The plea court also informed him he may be required to enroll in SOTP in prison and his accrual of earned time may be affected if he does not complete SOTP. The court then offered Black a chance to discuss SOTP with Van Winkle off the record, and he declined.

Black has not shown Van Winkle misinformed him about his plea. Therefore, he has not proven Van Winkle breached an essential duty, and we affirm the district court's denial of his PCR application.

**AFFIRMED.**